UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELISE BRUCE as Parent of B.R.B, Deceased, T.B.B, Deceased, Q.M., Deceased, and A.A., Deceased    a/k/a ELISE ACOSTA,<br><br>         Plaintiff,<br><br>      v.<br><br>BARNETS, INC. an Ohio Corporation; Jointly and Severally,<br>GARY GREGG Jointly and Severally,<br>COREY R. WITHROW Jointly and Severally,<br>AARON BRUCE Jointly and Severally,<br>TOBY MCGOWAN Jointly and Severally,<br><br>         Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:20-cv-02855-SEB-MJD |

**ORDER**

Now before the Court is Plaintiff's "Motion to Set Aside Third Order to Show Cause and to Accept the Amended Complaint as Sufficiently Establishing Diversity Jurisdiction." For the reasons set forth herein, this motion is **granted.**

**Discussion**

Plaintiff Elise Bruce initiated this wrongful death lawsuit on November 3, 2020, purportedly invoking federal diversity jurisdiction.

However, because it did not appear that our court had subject matter jurisdiction to adjudicate the claims that Ms. Bruce presented, on November 17, 2020, we issued a show cause order directing Ms. Bruce to file either a notice of dismissal or an amended

1

complaint properly alleging subject matter jurisdiction. We explained:

> [Ms. Bruce], a citizen of Michigan and the mother of four children tragically killed in a vehicle collision involving Defendants, has brought claims pursuant to Indiana's Child Wrongful Death Statute, Ind. Cod. § 34-23-2-1. A parent who brings an action under this statute is required to name the other parent "as a codefendant to answer to his or her interest[,]" unless the parents jointly initiate the lawsuit. Ind. Cod. § 34-23-2-1(c). Here, Ms. Bruce is the sole plaintiff and has properly joined the fathers of her children as codefendants. Defendant Toby McGowan, the father of Q.M., is, like Ms. Bruce, a citizen of Michigan.
>
> Accordingly, complete diversity between the parties as required to invoke our subject matter jurisdiction does not exist. *Veenstra v. Ashley*, 2013 WL 1499157, at *3 (N.D. Ind. Apr. 9, 2013) (remanding action brought pursuant to Indiana's Child Wrongful Death Statute where the plaintiff/mother was not diverse from the father who had been joined a codefendant pursuant to Ind. Cod. § 34-23-2-1(c)).

We directed Ms. Bruce to file her amended complaint, or alternatively her notice of dismissal, no later than December 1, 2020, which date was enlarged by the Magistrate Judge to December 30, 2020.

After this date came and went without a word from Ms. Bruce, we issued our Second Order to Show Cause affording Ms. Bruce another opportunity to file an amended complaint properly alleging subject matter jurisdiction.

On January 8, 2021, Ms. Bruce filed her Amended Complaint, which realigns Mr. McGowan as a plaintiff. However, Ms. Bruce's Amended Complaint did not include any facts establishing that this realignment was proper. Accordingly, on January 22, 2021, we issued our Third Order to Show Cause, explaining:

> Realignment is proper only if the court finds "that no actual, substantial controversy exists between the parties on one side of the dispute and the named opponents." *Veenstra*, 2013 WL 1499157, at *2 (citing *Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69–70, 62 S.Ct. 15, 86 L.Ed. 47 (1941); *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981)."It is 'undoubtedly improper' to realign parties for the purpose of preserving jurisdiction

if 'an actual, substantial controversy exists between a party on one side of the dispute and its named opponent.'" *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009) (internal quotations omitted).

Here, Ms. Bruce has not presented any facts that would support an inference that no actual, substantial controversy exists between herself and Mr. McGowen. Because this lawsuit is grounded in Indiana's Child Wrongful Death Statute, and because Ms. Bruce and Mr. McGowan did not "jointly initiate" this lawsuit from the outset, we presume that Ms. Bruce and Mr. McGowan have a conflict concerning the amount of damages that will be apportioned between them in the event of a recovery. *See Veenstra*, 2013 WL 1499157, at *2. If damages are secured pursuant to Indiana's Child Wrongful Death Statute, Ms. Bruce and Mr. McGowan would be required to present adversarial evidence concerning their respective losses. *Id*. While one could speculate that Mr. McGowan may be unable or unlikely to seek a portion of the damages in this case for one or many reasons, no facts to this effect have been alleged. In these circumstances, we cannot conclude that the realignment of Mr. McGowen is proper. *Id.*

In light of a pending motion for consolidation, we afforded Ms. Bruce one final opportunity to file an amended complaint establishing diversity jurisdiction.

In lieu of filing an amended complaint, Ms. Bruce has moved to discharge the show cause order. Granting this motion depends on whether Ms. Bruce has established that the realignment of Mr. McGowan is appropriate in these circumstances. We reiterate that this realignment is appropriate only if no actual, substantial controversy exists between Mr. McGowan and Ms. Bruce. *Murray v. Mississippi Farm Bureau Cas. Ins. Co*., 251 F.R.D. 361, 364 (W.D. Wis. 2008) ("[T]o determine whether complete diversity of jurisdiction exists, [courts] look to the parties' real interests in the controlling matter and not to their placement in the caption of the pleadings.")

Here, Ms. Bruce explains, for the first time, that Mr. McGowan was realigned as a plaintiff after "enter[ing] into an attorney-client relationship with Plaintiff Elise Bruce's attorney's firm, the Mike Morse Law Firm." As she explains, she and Mr. McGowan

3

believe "it is [in] their best interests to jointly pursue this wrongful death action," [Dkt. 20, at 5, 7], confirming that the aforementioned controversies do not exist between them. Rather, as the parties have informed the Magistrate Judge, Mr. McGowan's claims will be resolved out of Ms. Bruce's damages award. Ms. Bruce also reminds the Court that an action brought pursuant to the Indiana Child Wrongful Death Statute may be "maintained" by the "mother and father jointly," Ind. Cod. § 34-23-2-1(c), which is how she and Mr. McGowan would like to proceed in light of having determined that their interests are, in fact, aligned. We are also informed that Mr. McGowan, as a condition of entering into this attorney-client relationship with the Mike Morse Law Firm, has waived any conflicts of interest that may arise between himself and Ms. Bruce. For these reasons, Ms. Bruce maintains that the realignment of Mr. McGowan is appropriate.

That the Mike Morse Law Firm would be representing Mr. McGowan or that Ms. McGowan and Ms. Bruce desired to maintain this litigation jointly was not made known to the Court at the time the Amended Complaint was filed. These facts were not set out in the Amended Complaint or elsewhere; indeed, it was entirely unclear whether Mr. McGowan, who was proceeding *pro se*, even consented to his realignment or whether he wished to pursue his interests independently and in opposition to Ms. Bruce.

We nonetheless accept the parties' belated representations that no conflicts currently exist between them that would render realignment inappropriate. *See, e.g. Chidester v. Camp Douglas Farmers Co-op.,* 2013 WL 6440510, at *1 (W.D. Wis. Dec. 9, 2013) (permitting amended complaint realigning non-diverse defendant where defendant's interests aligned with plaintiffs); *Ehret-Krohn Corp. v. Consol. Bearings Co.,*

4

1991 WL 18208, at *1 (N.D. Ill. Feb. 1, 1991) (granting leave to file amended complaint realigning parties where there was no objection to the realignment). In so doing, we also accept the Amended Complaint, so far as it realigns the parties, as satisfying the requirements of diversity jurisdiction given that all plaintiffs are now diverse from all defendants, and the amount in controversy exceeds $75,000, exclusive of costs and interest. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.").

## CONCLUSION

Plaintiff's Motion to Set Aside Third Show Cause Order [Dkt. 20] is **granted.** The clerk is directed to realign Defendant McGowan as a plaintiff. The Mike Morse Law Firm is **ordered** to enter an appearance on behalf of Mr. McGowan no later than **seven** days from the date of this Order.

IT IS SO ORDERED.

Date: 4/7/2021

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael Brian Langford
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
mlangford@scopelitis.com

Tammy Jo Meyer
METZGER ROSTA LLP
tammy@metzgerrosta.com

Robert Silverman
MIKE MORSE LAW FIRM
robert@855mikewins.com

Jacob Yeater
MIKE MORSE LAW FIRM
jake@855mikewins.com